UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       JUDGE CHIN

| | |
|---|---|
| JAMES GOUGH,<br><br>Plaintiff,<br><br>v.<br><br>RALPH LAUREN, INC.<br><br>Defendant | Case No. 07 CIV 9540<br><br>**COMPLAINT**<br><br>TRIAL BY JURY<br><br>RECEIVED<br>OCT 2 5 2007<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

**NATURE OF THE ACTION AND THE PARTIES**

1. This is an action to redress unlawful employment practices, under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law, (the "NYCHRL"), N.Y.C. Admin. Code §8-101 et seq.

2. Plaintiff James Gough ("Mr. Gough" or "Plaintiff") is an adult residing in Brooklyn, New York.

3. Defendant Ralph Lauren, Inc. ("Lauren" or "Defendant") is business corporation organized under the laws of the State of New York and their principle place of business is in New York, NY.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 12101 and 28

1

U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and because all causes of action accrued within New York County, New York.

6. In May 2007, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

7. On or about August 2, 2007, the EEOC issued a Notice of Right To Sue letter giving Mr. Gough permission to file a civil suit against the defendant.

8. Plaintiff has satisfied all of the statutory prerequisites to filing suit in this Court.

9. Plaintiff seeks an award of appropriate relief.

## FACTS

10. Lauren is in the business of selling clothing and an assortment of goods and services to the general public in the City of New York and throughout the United States.

11. On February 2, 1999, Mr. Gough commenced working for the defendant.

12. Throughout his with Lauren, Mr. Gough's performance was outstanding.

13. On or about November 7, 2006, a manager for Lauren, Sonya Pankey, had actual or constructive notice that Mr. Gough was suffering form some sort of mental distress .

14. On the above mentioned date, Ms. Pankey encounter Mr. Gough in a hallway and she determined that he was not in the best shape.

15. Ms. Pankey knew that Mr. Gough was exhibiting signs of being under tremendous stress (nervousness, shaking and trembling).

16. As a result of Ms. Pankey's observations and determination that Mr. Gough was unable to continuing the day's work, she ordered him to go home otherwise she will call an ambulance.

17. Ms. Pankey further insisted that Mr. Gough remove all of my personal possessions which include all of his personal photographs, and other personal items prior to leaving for the remainder of day.

18. On see his personal physician, Mr. Gough was informed that he is suffering form depression and a bipolar disorder.

19. Mr. Gough's physican recommend psychological and medial treatment.

20. Unfortunately for Mr. Gough, his condition worsened to the point had to take time off from work.

21. Because his sick time was exhausted, he requested and was approved for leave under the Family Medical Leave Act.

22. While out on his FMLA leave, on January 16, 2007, Mr. Gough received a letter from Lauren's employee benefits department stating that he was scheduled to return to work on January 22, 2007.

23. On January 16, 2007, Mr. Gough also received a letter from Ms. Pankey terminating his employment effective immediately because his medical insurance was cancelled and because of missing paperwork.

24. Mr. Gough's medical insurance was later reinstated after his doctor provided the dismissing documents.

25. Despite the fixing of the mix-up in paperwork, Mr. Gough received a letter from Mr. Ravi Motwani, confirming Ms. Pankey's decision that his employment was terminated for the missing paperwork effective January 23, 2007, and because his FMLA expired on January 22, 2007.

26. Mr. Gough has a reasonable belief that Ms. Pankey's position gave her access to his medical information which she used to unlawfully terminated his employment solely because he suffers form a disability and other reason given is pretextual for unlawful discrimination.

## COUNT I
## (ADA)

27. Mr. Gough repeats and realleges every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as though fully set forth herein.

28. Lauren employs more than 100 employees.

29. At all relevant times, Lauren was an "employer" within the meaning of the ADA, 42 U.S.C. §12101 et seq.

30. At all relevant times, Mr. Gough was an "employee" within the meaning of the ADA.

31. Lauren's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADA.

32. Lauren's conduct, as alleged herein, was carried out with malice or reckless disregard for Mr. Gough's protected rights to be free from discrimination.

33. As a result Lauren's unlawful conduct, Mr. Gough has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Gough is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Lauren under the ADA.

34. As a further result of Lauren' unlawful conduct, Mr. Gough has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Gough is entitled to recover damages for such injuries from Lauren under the ADA.

### COUNT TWO
### (NYSHRL)

35.　Mr. Gough repeats and realleges every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as though fully set forth herein.

36. At all relevant times, Lauren was an "employer" within the meaning of the NYSHRL. N.Y. Exec. Law § 290 et seq.

37. At all relevant times, Mr. Gough was an "employee" within the meaning of the NYSHRL and a "person" within the meaning of the NYSHRL.

38. Lauren's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability in violation of the NYSHRL.

39. As a result of Lauren' unlawful conduct, Mr. Gough has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Gough is entitled to recover such monetary and other damages, from Lauren under the NYSHRL.

40. As a further result of Lauren' unlawful conduct, Mr. Gough has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Gough is entitled to recover damages for such injuries from Lauren under the NYSHRL.

**COUNT THREE
NYCHRL**

41. Mr. Gough repeats and realleges every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as though fully set forth herein.

42. At all relevant times, Lauren was an "employer" within the meaning of the NYCHRL. N.Y.C. Admin. Code §8 -101 et seq.

43. At all relevant times, Mr. Gough was an "employee" within the meaning of the NYCHRL and a "person" within the meaning of the NYCHRL.

44. Lauren's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability in violation of the NYCHRL.

45. As a result of Lauren' unlawful conduct, Mr. Gough has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Mr. Gough is entitled to recover such monetary and other damages, from Lauren under the NYCHRL.

46. As a further result of Lauren's unlawful conduct, Mr. Gough has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Mr. Gough is entitled to recover damages for such injuries from Lauren under the NYCHRL.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment as follows:

(A) On Count One, enter a judgment declaring the acts and practices of Defendants to be in violation of the ADA.

(B) On Count One, award Plaintiff as against Defendant loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendant's unlawful discrimination, unlawful harassment, in accordance with the ADA and other supporting laws.

(C) On Count One, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful discrimination and unlawful harassment in accordance with the ADA and other supporting laws.

(D) On Count One, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the ADA and other supporting laws.

(M) On Count Three, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

(N) Grant Plaintiff such other and further relief as may be necessary and proper.

### JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

Dated: New York, New York

October 25, 2007

By: /s/ Locksley O. Wade
LOCKSLEY O. WADE, ESQ.
LAW OFFICE OF LOCKSLEY O. WADE, LLC
15 West 39th Street, 3rd Floor
New York, NY 10018
(212) 220-3610
(212) 253-4142 (facsimile)
lwade@lwade-law.com
*Attorney for Plaintiff*