PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Ph: (212) 969-3000
Fx: (212) 969-2900
Paul Salvatore
psalvatore@proskauer.com
Joshua A. Stein
jstein@proskauer.com
Attorneys for Defendant
Polo Ralph Lauren Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
JAMES GOUGH,

                    Plaintiff,   :   No. 07 CV 9540 (DC)

          - against -

RALPH LAUREN, INC.,   :   **ANSWER TO COMPLAINT**

                    Defendant.
-------------------------------------------------------x

Defendant Polo Ralph Lauren Corporation (incorrectly named as Ralph Lauren, Inc.) ("Polo"), by its attorneys, Proskauer Rose LLP, answers Plaintiff James Gough's Complaint (the "Complaint") herein as follows:

## NATURE OF THE ACTION AND THE PARTIES

1. Denies the allegations set forth in paragraph 1 of the Complaint, except admits that Plaintiff purports to assert this action pursuant to the statutory provisions referred to therein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies the allegations set forth in paragraph 3 of the Complaint, except admits that Polo was and is a Delaware corporation authorized to do business in the State of New York,

maintains a place of business in the County, City and State of New York and maintains its primary executive offices in the County, City and State of New York.

## JURISDICTION AND VENUE

4. Denies the allegations set forth in paragraph 4 of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to the statutory provisions referred therein.

5. Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Plaintiff purports that venue in this action is appropriate to the statutory provisions referred therein.

6. Admits the allegations set forth in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admit that the EEOC did issue a Notice of Right to Sue Letter to Plaintiff.

8. Avers that no response is required with respect to the allegations in this paragraph 8 as they purport to state conclusions of law.

9. Denies the allegations set forth in paragraph 9 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 9 that purport to state conclusions of law.

## FACTS

10. Denies the allegations set forth in paragraph 10 of the Complaint, except admits that Polo designs, licenses, markets, distributes and contracts for the manufacture of premium apparel, home goods, accessories, and fragrances in multiple locations throughout the United States and abroad.

11. Admits the allegations contained in paragraph 11.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint, except admits that Sonya Pankey is employed by Polo.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint concerning his condition, and admits that Plaintiff went out on leave as of October 31, 2006.

21. Denies the allegations set forth in paragraph 21 of the Complaint, except admits that having exhausted his sick, Plaintiff applied for FMLA leave, which Polo provisionally granted despite Plaintiff's repeated failure to provide Polo with the necessary information and documentation to properly certify the leave as FMLA leave.

22. Denies the allegations set forth in paragraph 22 of the Complaint, except admits that on or about January 16, 2007 Plaintiff received a letter from Polo's Lead Benefits

Representative, and to the extent Plaintiff refers to that letter, respectfully refers the Court to that document.

23. Denies the allegations set forth in paragraph 23 of the Complaint, except admits that on or about January 16, 2007, Pankey sent Plaintiff a letter, and to the extent Plaintiff refers to that letter, respectfully refers the Court to that document.

24. Denies the allegations set forth in paragraph 24, except admits that Plaintiff's medical insurance was reinstated after it was temporarily terminated when Plaintiff failure to provide necessary documentation.

25. Denies the allegations set forth in paragraph 25 of the Complaint, except admits that on or about February 6, 2007, Ravi Motwani, Vice President – Labor Counsel for Polo – sent Plaintiff a letter, and to the extent Plaintiff refers to that letter, respectfully refers the Court to that document.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

## COUNT ONE

27. In response to the allegations set forth in paragraph 27 of the Complaint, Polo realleges and incorporates by reference its answers, set forth above, to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Admits the allegations set forth in paragraph 28 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 28 that purport to state conclusions of law.

29. Avers that no response is required with respect to the allegations in this paragraph 29 as they purport to state conclusions of law.

30. Avers that no response is required with respect to the allegations in this paragraph 30 as they purport to state conclusions of law.

31. Denies the allegations set forth in paragraph 31 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 31 that purport to state conclusions of law.

32. Denies the allegations set forth in paragraph 32 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 32 that purport to state conclusions of law.

33. Denies the allegations set forth in paragraph 33 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 33 that purport to state conclusions of law.

34. Denies the allegations set forth in paragraph 34 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 34 that purport to state conclusions of law.

## COUNT TWO

35. In response to the allegations set forth in paragraph 35 of the Complaint, Polo realleges and incorporates by reference its answers, set forth above, to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Avers that no response is required with respect to the allegations in this paragraph 36 as they purport to state conclusions of law.

37. Avers that no response is required with respect to the allegations in this paragraph 37 as they purport to state conclusions of law.

38. Denies the allegations set forth in paragraph 38 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 38 that purport to state conclusions of law.

39. Denies the allegations set forth in paragraph 39 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 39 that purport to state conclusions of law.

40. Denies the allegations set forth in paragraph 40 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 40 that purport to state conclusions of law.

## COUNT THREE

41. In response to the allegations set forth in paragraph 41 of the Complaint, Polo realleges and incorporates by reference its answers, set forth above, to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Avers that no response is required with respect to the allegations in this paragraph 42 as they purport to state conclusions of law.

43. Avers that no response is required with respect to the allegations in this paragraph 43 as they purport to state conclusions of law.

44. Denies the allegations set forth in paragraph 44 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 44 that purport to state conclusions of law.

45. Denies the allegations set forth in paragraph 45 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 45 that purport to state conclusions of law.

46. Denies the allegations set forth in paragraph 46 of the Complaint, except avers that no response is required with respect to the allegations in this paragraph 46 that purport to state conclusions of law.

### PRAYER FOR RELIEF

47. Denies the allegations set forth in the WHEREFORE paragraph (including sub-paragraphs (A) – (N)) and further denies that Plaintiff is entitled to any of the relief demanded therein or any relief whatsoever, except admits that Plaintiff seeks the relief described therein.

### JURY DEMAND

48. Denies the allegations set forth in the jury demand paragraph of the Complaint, except admits that Plaintiff purports to demand a jury trial.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. Plaintiff is not entitled to punitive damages or attorneys fees and costs under the New York State Executive Law, and to the extent he seeks punitive damages under New York City law, such relief is barred because Polo's alleged conduct did not rise to the level of culpability to justify an award of such damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. At all relevant times herein, including prior to the alleged discriminatory acts referred to in Plaintiff's Complaint, Polo has established and complied with policies, programs,

and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and person retained as independent contractors.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. At all relevant times herein, including prior to the alleged discriminatory acts referred to in Plaintiff's Complaint, Polo exercised reasonable care to prevent and promptly correct any discriminatory behavior. Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities to avoid harm otherwise.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. The Complaint is barred, in whole or in part, by virtue of the fact that any actions taken by Polo concerning Plaintiff were taken for legitimate, nondiscriminatory reasons and/or for good cause unrelated to Plaintiff's alleged disability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. Upon information and belief, Plaintiff's claim is barred, in whole or in part, or his recoverable damages (if any) should be reduced, because he failed to take reasonable steps to mitigate any damages he claims to have suffered.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. Polo's liability and penalties, if any, should be mitigated by virtue of the factors set forth in § 8-107(13)(d) and (e) of the New York City Human Rights Law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiff's disability discrimination claims are barred by virtue of the fact that Plaintiff is not disabled under the definitions of the Americans with Disabilities Act, the New York State Human Rights Law, and/or the New York City Human Rights Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Polo expressly denies, Polo would have taken the same action for non-discriminatory reasons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. Upon information and belief, Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations and/or administrative filing periods.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

59. Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the failure to satisfy administrative and procedural prerequisites for bringing suit.

Dated: January 14, 2008
       New York, New York

PROSKAUER ROSE LLP

_____
1585 Broadway
New York, New York 10036
Ph: (212) 969-3000
Fx: (212) 969-2900
Paul Salvatore
psalvatore@proskauer.com
Joshua A. Stein
jstein@proskauer.com
Attorneys for Defendant
Polo Ralph Lauren Corporation